UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RYAN EARLS, | |
| *Plaintiff,* | CIVIL ACTION |
| Versus | No. 11-00398 |
| MEDTEC AMBULANCE CORPORATION, ET AL | JUDGE LEMELLE |
| | MAGISTRATE JUDGE CHASEZ |
| *Defendants* | |

### FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Ryan Earls, who would supplement and amend his original Petition for Damages as follows:

I.

Paragraph 1b of the original Petition for Damages is hereby supplemented and amended to replace "**XYZ INSURANCE COMPANY**" with "**LEXINGTON INSURANCE COMPANY**" a Chartis Company, whose principal place of business is located in Boston, Massachusetts.

II.

The original Petition for Damages is hereby supplemented and amended to by adding paragraph 1c to read as follows:

    c.    **OSKOSH CORPORATION**, upon information and a foreign corporation licensed to do and doing business in the State of Louisiana, with its principal place of business located at 2307 Oregon St., Oshkosh, WI, and at all times

1



pertinent herein the parent corporation of its wholly owned subsidiary, **MEDTEC AMBULANCE CORPRATION.**

III.

The original Petition for Damages is hereby supplemented and amended by adding the following paragraphs:

13.

At all times pertinent herein, **LEXINGTON INSURANCE COMPANY** via its Policy, No. 015438059, issued to **OSHKOSH CORPORATION** provided **MEDTEC AMBULANCE CORPRATION** with insurance coverage for the accident, injuries and damages complained of herein.

14.

Upon information and belief, it is alleged that the relationship between **OSHKOSH CORPORATION** and **MEDTEC AMBULANCE CORPRATION** constitutes a single business enterprise.

15.

It is alleged that, upon information and belief, the aforesaid accident, injuries and damages were proximately and legally caused by the fault, including the negligence of the defendants, **OSHKOSH CORPORATION** and/or **MEDTEC AMBULANCE CORPRATION**, manufacturers of the Medtec Ambulance, and their officers, agents, employees and those for whom they are legally responsible including, but not limited to the following negligent acts or omissions, strict liability and/or absolute liability, and/or that pursuant to the Louisiana Products Liability Act, LSA-R.S. 9:2800.51, *et seq.*, the Medtec Ambulance was defective in one or more of the following ways:

2

a) Failure to manufacture and furnish safe and proper equipment and/or appurtenances consistent with sound engineering, design, management, and operations for the services to be provided with the Medtec Ambulance;

b) Failure to properly design, engineer, construct, and/or maintain the Medtec Ambulance, including, but not limited to, the absence of a safe and sufficient seating and the absence of a safety mechanism to prevent the seating from detaching and/or malfunctioning in the manner set forth above;

c) The Medtec Ambulance was unreasonably dangerous in construction, composition and/or design within the meaning of LSA-R.S. 9:2800.55, *et. seq.* as the performance standards for the Medtec Ambulance required it to function without failing during operation, including providing seating designed to prevent the seating from detaching and/or malfunctioning in the manner set forth above, and for other breaches that will be established through further investigation of this matter;

d) Failure to adequately and properly warn **RYAN EARLS** of the defective characteristics and dangers associated with the Medtec Ambulance that rendered it unreasonably dangerous in design and/or unreasonably dangerous in construction or composition and that existed at the time the Medtec Ambulance left the control of the manufacturer or resulted from a reasonably anticipated alteration of the product;

e) Failure to take adequate and/or reasonably prudent measures that would have protected **RYAN EARLS** and/or other occupants of the Medtec Ambulance from

dangers or hazards that existed and of which defendants were aware or should have been aware;

f) Failure to observe or see what should have been seen under the circumstances; and

g) Any other acts of negligence and/or strict liability that will be shown through the continued investigation of this matter.

16.

The engineering, design, and/or construction of the Medtec Ambulance presented conditions unreasonably dangerous *per se*, deeming defendants absolutely liable for any and all injuries and damages of **RYAN EARLS**.

17.

**OSHKOSH CORPORATION** and/or **MEDTEC AMBULANCE CORPRATION** are further presumed negligent by the violation of statutory duties imposed by local, state and/or federal law for the manufacture of the Medtec Ambulance, its equipment, facilities, appurtenances and those materials and equipment provided by defendants for use in the work being performed by **RYAN EARLS** on or about December 12, 2010.

18.

The doctrine of Res Ipsa Loquitur is applicable to the claims asserted herein.

WHEREFORE, after due proceedings, Plaintiff, **RYAN EARLS**, request leave to supplement and amend his original Petition for Damages as set forth above, and hereby reasserts each and every allegation set forth in his original Petition for Damages, and prays that after due proceedings be had that judgment be rendered in his favor against **MEDTEC AMBULANCE**

**CORPRATION, OSHKOSH CORPORATION** and **LEXINGTON INSURANCE COMPANY,** for all damages alleged together with all general and equitable relief.

                                      Respectfully submitted,

                                      **DAVID W. OESTREICHER, II**

                                      /s/ David W. Oestreicher, II
                                      307 Exchange Place
                                      New Orleans, Louisiana 70130
                                      Telephone:   (504) 529-7662
                                      Facsimile:    (504) 529-7664
                                      E-mail:       judgeo@cox.net

                                    *Attorney for Plaintiff, Ryan Earls*

## CERTIFICATE OF SERVICE

I certify that on September 30, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

                    /s/ David W. Oestreicher II
                    **DAVID W. OESTREICHER**